IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John Lewis Carter, Jr.,            ) | |
|                                    ) | Civil Action No. 8:08-2066-CMC-BHH |
|                Petitioner,         ) | |
|                                    ) | |
| v.                                 ) | **REPORT AND RECOMMENDATION** |
|                                    ) | **OF MAGISTRATE JUDGE** |
| Warden, Tyger                      ) | |
| Correctional Institution;          ) | |
| Barney Loyd, Associate             ) | |
| Warden; and R.L. Turner,           ) | |
| DHO,                               ) | |
|                                    ) | |
|                Respondents.        ) | |
|                                    ) | |

The plaintiff, a state prisoner proceeding pro se, has filed this habeas petition pursuant to 28 U.S.C. § 2241. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. # 14.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner filed this habeas action on May 28, 2008.[1] On November 10, 2008, the respondent filed this motion for summary judgment. By order filed November 13, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised

---

[1]This date reflects that the date on which the envelope containing the pleadings in this case was stamped as having been received at the prison mailroom. (Pet. Attach. # 2.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On December 12, 2008, the petitioner filed a response in which he opposed the respondent's summary judgment motion.

## FACTS PRESENTED

The petitioner is currently confined in the Allendale Correctional Institution ("ACI") with a projected release date of January 14, 2010. In this §2241 habeas petition, the petitioner is challenging a 2006 disciplinary conviction he received while housed at the Tyger River Correctional Institution. The plaintiff was convicted of assaulting another inmate and sanctioned with disciplinary detention and the loss of privileges and sixty days of good time credit. (Resp't's Mem. Supp. Summ. J. Mot. Ex. # 3.) The petitioner filed Step 1 and Step 2 grievances with the South Carolina Department of Corrections ("SCDC") which were denied. (*Id*. Exs. # 4 & 5.) The petitioner then filed an appeal with the Administrative Law Court ("ALC"). (*Id*. Ex. # 6.) The ALC dismissed the petitioner's case on June 15, 2007, because the petitioner failed to serve the notice of appeal on the SCDC within thirty days of the SCDC's final decision as required by ALC Rule 59 and *Al-Shabazz v. State*, 527 S.E.2d 752 (S.C. 2000)(holding the requirement of service of notice of appeal is jurisdictional). (Resp't's Mem. Supp. Summ. J. Mot. Ex. # 7.)

The petitioner then filed this habeas action raising the following grounds for relief, quoted verbatim:

> **Ground One:** Discrimination
> **Supporting Facts:** The Administrative Officials of Tyger River Corr. Inst., allow the immunity of one single inmate. Then this inmate is white. Also on Incident Report, wrote by A/W Barney

2

>Loyd, Capt. J. Waldrip, stated all inmate's were to be chraged with offense.
>
>**Ground Two:** Loss of Good Time.
>**Supporting Facts:** This is a State Created Liberty, that would allow Petitioner to receive a reduction from the term of sentence.
>
>**Ground Three:** The accuracy of Documentation in this case
>**Supporting Facts:** The Date of Incident is not accurate, the time of Incident in unaccurate. So these techincalities alone should have gotten case thrown out.

(Pet. 5-6.)   The petitioner states that he wants his good time credits restored and damages for being placed on solitary confinement.  Further, he states that he "would like to sue State Officials in there (sic) individual capacities."  (Pet. 9.)

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

>The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**Proper Respondent**

The petitioner named the Warden of the Tyger River Correctional Institution ("TRCI"), Tim Riley, the Associate Warden at TRCI, Barney Loyd, and the Disciplinary Hearing Officer ("DHO") R. L. Turner as respondents. However, a prisoner's custodian

4

is the only proper respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Therefore, as the warden is the only proper party in a habeas action, the Associate Warden Lloyd and the DHO Turner should be dismissed from this action. Accordingly, the undersigned will refer to the Warden as the only respondent throughout this report.[2]

**Damages**

The petitioner is seeking monetary damages. (Pet. 9.) However, monetary damages are not available in a habeas action. *See Preiser v. Rodriguez,* 411 U.S. 475, 493 (1973). *See also McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113 (4th Cir. 2003). Accordingly, the petitioner's claims for monetary damages should be dismissed.[3]

**Exhaustion**

The respondent contends that the petitioner had failed to exhaust his state remedies. The undersigned agrees.

---

[2]Additionally, since the petitioner was transferred to the ACI after he filed this habeas action, the Warden of ACI should be substituted for the Warden of the TRC.

[3]Furthermore, as the petitioner has not shown that he has successfully attacked his disciplinary convictions, such a claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok,* 520 U.S. 641 (1997) ((claims for damages, declaratory relief, or retroactive injunctions based on loss of good-time credits and claims for restoration of good time credits may only be brought in habeas proceedings, as opposed to § 1983, if a finding in favor of the plaintiff would necessarily imply the invalidity of the underlying disciplinary conviction).

It is well-settled that the petitioner must exhaust his remedies before bringing a § 2241 action.[4] *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); *see* 28 U.S.C. § 2254(b).[5]

"To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 910-911 (4th Cir.1997). To exhaust state court remedies in South Carolina, an inmate must appeal the final decision of the SCDC pursuant to the South Carolina Administrative Procedures Act ("SCAPA"), S.C. Code Ann. § 1-23-310 to -400. *See Al- Shabazz v. South Carolina*, 527

---

[4] It appears that the Fourth Circuit Court of Appeals has not ruled in a published decision whether § 2241 or § 2254 governs a petition to vacate a state prison disciplinary conviction. However, it is not necessary to the disposition of this action to determine whether § 2254 or § 2241 is applicable. Section 2254 mandates that state remedies be exhausted prior to filing an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). While state court exhaustion is not mandated by federal statute under § 2241, it is still a requirement which "has developed through decisional law in applying principles of comity and federalism[.]" *Schandelmeier v. Cunningham,* 819 F.2d 52, 53 (3d Cir.1986) (*citing Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)).

[5] Section 2254(b) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

6

S.E.2d 742, 754-756 (S.C. 2000). Under the SCAPA, if an inmate is not satisfied with the agency's final decision, the inmate must first file an appeal with the ALC. S.C. Code Ann. § 1-23-380; *Furtick v. S.C. Dep't of Corrections*, 649 S.E.2d 35, 37-38 (S.C. 2007). The ALC's review of the claim is a necessary step in the exhaustion of state remedies in a habeas action. *See Furtick,* 649 S.E.2d at 37-38. *See also Dicks v. South Carolina Dep't of Corr.*, 2006 WL 1207851 at *3 (D.S.C. 2006). If the decision of the ALC is not favorable, the SCAPA requires that the inmate must then pursue review by the South Carolina Court of Appeals. S.C. Code Ann. § 1-23-380(A). An inmate's failure to exhaust his administrative remedies may only be excused upon a showing of cause and prejudice. *Carmona v. BOP,* 243 F.3d 629, 634 (2d Cir. 2001)( cited in *McClung v. Shearin,* 90 Fed. Appx. 444, 445 (4th Cir. 2004) (unpublished)).

In this case, the record establishes that the petitioner filed a notice of appeal with the ALC. However, the ALC dismissed the petitioner's appeal because the petitioner failed to comply with procedural rules regarding service. In his response opposing summary judgment, the petitioner states that he is ignorant of the law and did not know about the procedural requirements. (Pet'r's Mem. Opp. Summ. J. Mot. at 1-2.)[6] However, the petitioner's pro se status and his ignorance of the law do not constitute cause sufficient to excuse his default. *Whitley v. Bair*, 802 F.2d 1487, 1503 (4th Cir.1986); *Miller v. Bordenkircher*, 764 F.2d 245, 251-52 (4th Cir.1985). The petitioner did not exhaust his

---

[6]In his memorandum opposing summary judgment, the petitioner also moves "for a stay due to ignorance of law." This motion should be denied.

state remedies. Further, he has failed to show any cause or prejudice which would excuse his failure to exhaust. Therefore, this habeas claim is procedurally barred.

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, the undersigned has will not discuss the merits of this habeas petition.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Respondents' Motion for Summary Judgment (Dkt. # 14) be GRANTED and the Petitioner's Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

March 24, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).